**In the Interest of A.K.O., A.M.A., and I.M.A.**

**Missouri Children's Division, Respondent,**

v.

**W.M.O. (Mother), Appellant,**

**W.A. (Father), D.S. (Father), and R.C. (Father), Defendants.**

**No. WD 64911.**

Missouri Court of Appeals, Western District.

Aug. 9, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Gary L. Gardner, Assistant Attorney General, Jefferson City, MO, for respondent.

Eric M. Landoll, Nevada, MO, for appellant.

Nicholas L. Swischer, Nevada, MO, for defendant W.A.

Ronald F. Fisk, Nevada, MO, guardian ad litem.

Before EDWIN H. SMITH, C.J., and LOWENSTEIN and ELLIS, JJ.

---

## Order

PER CURIAM.

W.O. (Mother) appeals from the judgment of the Circuit Court of Vernon County, Juvenile Division, terminating, pursuant to § 211.447.4(3), her parental rights to: A.K.O., born May 28, 1994; A.M.A., born April 9, 1998; and I.M.A., born August 7, 2000.

Mother raises two points on appeal. In both points, she claims that the juvenile court erred in terminating her parental rights to her children, pursuant to § 211.447.4(3), for failure to "rectify or remedy," after the child has been under the jurisdiction of the juvenile court for a period of one year. In Point I, she claims that the juvenile court erred in terminating her parental rights, pursuant to § 211.447.4(3), because the evidence was insufficient for the court to find, as required, that:

> the conditions which led to the assumption of jurisdiction by the juvenile court still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions would be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent/child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.

In Point II, she claims that the juvenile court erred in terminating her parental rights, pursuant to § 211.447.4(3), because the evidence was insufficient to find, as required, that the "children would be harmed by a continued relationship" with her.

Affirmed. Rule 84.16(b).